UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **ROBERT CAMAROTA,** )  )  | |
|    **Plaintiff,** ) ) | Case No. 3:18-cv-00766-DJH-RSE |
| **v.** ) ) | *Electronically Filed* |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.,** ) ) | |
|   **Serve:**  CT Corporation System ) | |
|             Registered Agent ) | |
|             306 W. Main Street ) | |
|             Suite 512 ) | |
|             Frankfort, KY 40601 ) ) | |
| **and** ) ) | |
| **DCQ, LLC,** ) | |
| **d/b/a OXYGEN RECOVERY GROUP,** ) ) | |
|   **Serve:**  Jonathan Abenson ) | |
|             DCQ, LLC ) | |
|             1 Hillcrest Center Drive ) | |
|             Suite 314 ) | |
|             Spring Valley, NY 10977 ) ) | |
|    **Defendants.** ) | |

\* \* \* \* \*

**FIRST AMENDED COMPLAINT**

1.    This is an action for actual and statutory damages brought by Plaintiff Robert Camarota against Defendants Experian Information Solutions, Inc., and DCQ, LLC, d/b/a/ Oxygen Recovery Group, for violations of the Fair Credit Reporting Act, which prohibits

creditors and credit reporting agencies from furnishing or reporting false or inaccurate consumer credit information.

2. Mr. Camarota's business, Southern Armament, LLC, was the victim of an online hacking attack, and its payment processor alleged it was responsible for numerous resulting fees. Oxygen Recovery, on behalf of the payment processor, attempted to collect the alleged business debt from Mr. Camarota personally. Mr. Camarota disputed the debt's validity and that he was personally liable for it. Ultimately, Oxygen Recovery wrongly reported to Experian that Mr. Camarota was delinquent on personal debt.

3. Experian subsequently reported Southern Armament's alleged business debt on Mr. Camarota's personal credit report. The report stated the alleged debt was Mr. Camarota's personal responsibility, delinquent, and in collections. Mr. Camarota disputed the accuracy of the reported information. However, Experian denied the dispute without conducting a reasonable investigation or adequately confirming the accuracy of the reported information.

4. Defendants continued to furnish and report false and inaccurate information on Mr. Camarota's personal credit report after his disputes. Because of Defendants' actions, Mr. Camarota suffered damages, including loss of credit worthiness and denial of credit opportunities.

**PARTIES, JURISDICTION AND VENUE**

5. Mr. Camarota is a resident of Louisville, Jefferson County, Kentucky. At all times relevant to this action, he was a consumer as defined by the FCRA, 15 U.S.C. § 1681a, *et seq.*

6. Defendant Experian Information Solutions, Inc., is an Ohio for-profit corporation principally located at 475 Anton Boulevard, Costa Mesa, Orange County, California 92626. Experian is registered to do business in the Commonwealth of Kentucky and does extensive

business within this District. At all times relevant to this action, it compiled and maintained files on consumers on a nationwide basis and was a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a, *et seq.* It also regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing customer reports to third parties.

7. Defendant DCQ, LLC, d/b/a/ Oxygen Recovery Group, is a New York limited liability company principally located at 1 Hillcrest Center Drive, Suite 314, Spring Valley, Rockland County, New York 10977. Oxygen Recovery does extensive business within this District. At all times relevant to this action, it was a furnisher of consumer credit information to credit reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a, *et seq.*

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. Venue is proper as Defendants regularly conduct business in this District, Mr. Camarota is a resident of this District, and the events that form the basis of this Complaint occurred in this District.

**FACTS**

10. Mr. Camarota organized and managed Southern Armament, LLC., a Kentucky limited liability company.

11. Southern Armament accepted debit and credit card transactions through its website and, as a result, conducted the majority of its business online.

12. To facilitate its online business, Southern Armament allowed Cynergy Data, LLC to process its online debit and credit card transactions in exchange for processing fees.

13. Southern Armament's website suffered an online hacking attack. Over the course of several days, unknown individuals used automated programs to flood the website with thousands of fraudulent online orders.

14. The unknown individuals illegally used multiple inactive, declined, invalid, and unauthorized debit and credit cards to secure the orders and steal Southern Armament's products.

15. Despite the fraudulent nature of the orders, Cynergy Data charged Southern Armament for processing fees that accrued during the attack.

16. Southern Armament disputed the validity of the fees, and Cynergy Data hired Oxygen Recovery to collect the alleged debt.

17. Oxygen Recovery ultimately contacted Mr. Camarota in his personal capacity claiming he was liable for Southern Armament's alleged business debt.

18. Oxygen Recovery demanded $6,037.50 from Mr. Camarota to satisfy Southern Armament's alleged debt.

19. Mr. Camarota disputed the validity of the debt, as well as the assertion he was personally liable for his business's debt.

20. Despite the dispute, Oxygen Recovery subsequently reported Southern Armament's alleged debt under Mr. Camarota's name to Experian.

21. However, Oxygen Recovery did not report that Mr. Camarota did not personally accrue or default on the debt, or that he was only an alleged guarantor.

22. Experian subsequently reported Southern Armament's alleged business debt on Mr. Camarota's personal credit report.

23. Experian's report was inaccurate. It reported business debt on Mr. Camarota's personal credit report without distinguishing the business relationship, failed to note Mr.

Camarota did not accrue or default on the debt personally, and did not state Mr. Camarota was only an alleged guarantor.

24. Mr. Camarota filed a dispute with Experian regarding the truth and accuracy of the alleged business debt appearing on his personal credit report.

25. Experian received a reasonable period of time to perform an investigation into Mr. Camarota's dispute.

26. However, Experian failed to conduct an adequate investigation concerning the dispute and ultimately denied it.

27. Experian further failed to provide Mr. Camarota with documentation reflecting any investigation occurred or that the truth and accuracy of the disputed information was confirmed.

28. Following his disputes, Oxygen Recovery and Experian continued to furnish and report the false and inaccurate information regarding Southern Armament's alleged business debt on Mr. Camarota's personal credit report.

29. Oxygen Recovery continued to report the alleged debt in Mr. Camarota's name, while failing to also report that Mr. Camarota did not accrue or default on the debt personally and that he was only an alleged guarantor.

30. Experian continued to report the false and inaccurate information on Mr. Camarota's personal credit report despite knowing its truth and accuracy was disputed, having a reasonable amount of time to investigate the matter, and failing to sufficiently validate the information on the report.

31. Experian continued to report information related to the alleged debt while failing to distinguish the business relationship between Mr. Camarota and Southern Armaments or note

that Mr. Camarota was only an alleged guarantor who did not personally accrue or default on the alleged debt.

32. Mr. Camarota suffered damages as a result of Defendants' unlawful reports, including loss of credit worthiness, decreased credit score, higher interest rates on financing opportunities, and emotional distress.

## COUNT 1:
## WILLFUL NONCOMPLIANCE WITH THE
## FAIR CREDIT REPORTING ACT
## (Experian)

33. Mr. Camarota incorporates by reference the allegations previously set forth in this Complaint.

34. Experian's failure to remove the disputed items from Mr. Camarota's credit report despite its knowledge that the disputed information was false or inaccurate was a willful violation of its duties to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. 1681a, *et seq*.

35. Experian's failure to note Mr. Camarota's business relationship or that he was only an alleged guarantor who did not personally accrue or default on the debt, despite its knowledge of those facts, was a willful violation of its duties to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. 1681a, *et seq*.

36. Experian's failure to evaluate or consider Mr. Camarota's information, claims, or evidence, and its failure to make any sufficient attempts to correct or remove the disputed items within a reasonable time following its receipt of Mr. Camarota's dispute is a willful violation of its duties regarding investigation of disputed items, as stated in 15 U.S.C. 1681a, *et seq*.

37. Experian's actions caused Mr. Camarota to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit

score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

38. In addition to actual damages, interest, expenses, and court costs, Mr. Camarota is entitled to attorney's fees, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n, in an amount to be determined at trial.

## COUNT 2:
## NEGLIGENT NONCOMPLIANCE WITH THE
## FAIR CREDIT REPORTING ACT
## (Experian)

39. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

40. In the alternative, by engaging in the conduct set forth above, Experian negligently failed to remove, correct, or note the disputed items on Mr. Camarota's credit report in violation of its duties to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. 1681a, *et seq*.

41. In the alternative, by engaging in the conduct set forth above, Experian negligently failed to evaluate or consider Mr. Camarota's information, claims, or evidence, and failed to make sufficient attempts to remove or correct the disputed items within a reasonable time following their receipt of Mr. Camarota's dispute, in violation of their duties regarding investigation of disputed items, as stated in 15 U.S.C. 1681a, *et seq*.

42. Experian's actions caused Mr. Camarota to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

43. In addition to actual damages, interest, expenses, and court costs, Mr. Camarota is entitled to attorney's fees and statutory damages to 15 U.S.C. § 1681o, in an amount to be determined at trial.

## COUNT 3:
## WILLFUL NONCOMPLIANCE WITH THE
## FAIR CREDIT REPORTING ACT
### (Oxygen Recovery)

44. Mr. Camarota incorporates by reference the allegations previously set forth in this Complaint.

45. By engaging in the conduct set forth above, Oxygen Recovery knowingly and willfully furnished false and inaccurate information regarding Mr. Camarota to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq*.

46. Oxygen Recovery's actions caused Mr. Camarota to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

47. Mr. Camarota demands that Oxygen Recovery correct their credit reporting and disclose all credit reporting agencies to whom they reported inaccurate credit information, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

48. In addition to actual damages, interest, expenses, and court costs, Mr. Camarota is entitled to attorney's fees, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n, in an amount to be determined at trial.

## COUNT 4:
## NEGLIGENT NONCOMPLIANCE WITH THE
## FAIR CREDIT REPORTING ACT
### (Oxygen Recovery)

49. Mr. Camarota incorporates by reference the allegations previously set forth in this Complaint.

50. In the alternative, by engaging in the conduct set forth above, Oxygen Recovery negligently furnished false and inaccurate information regarding Mr. Camarota to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq*.

51. Oxygen Recovery's actions caused Mr. Camarota to suffer damages, including emotional and mental distress; anxiety; inconvenience; embarrassment; harm to reputation; decreased credit score, rating, and worthiness; and loss of credit opportunities, in an amount to be determined at trial.

52. Mr. Camarota demands that Oxygen Recovery correct their inaccurate credit reporting and disclose all credit reporting agencies to whom they reported inaccurate credit information, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

53. In addition to actual damages, interest, expenses, and court costs, Mr. Camarota is entitled to attorney's fees and statutory damages pursuant to 15 U.S.C. § 1681o, in an amount to be determined at trial.

## REQUEST FOR RELIEF

Wherefore, Mr. Camarota demands relief against Defendants as follows:

a. Entry of a Judgment to compensate him for damages to which he is entitled, including but not limited to actual, compensatory, statutory and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

      c.      Injunctive relief prohibiting Defendants from engaging in similar conduct in the future.

      d.      Trial by jury on all issues so triable;

      e.      An award of attorney fees and costs herein incurred;

      f.      Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Isaac T. Fain

s/ James Craig_____
239 South Fifth Street, Suite 1400
Louisville, KY  40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
ifain@craighenrylaw.com

*Counsel for Robert Camarota*